UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MONICA G. OVERTON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 2:22-cv-10507 |
| SIMM ASSOCIATES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** MONICA G. OVERTON ("Plaintiff"), by and through her undersigned counsel, complaining as to the conduct of SIMM ASSOCIATES, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, *et seq.* and the Michigan Regulation of Collection Practices, Mich. Comp. Law §445.250 *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

### PARTIES

1

4. Plaintiff is a natural person over 18-years-of-age who at all times relevant resided in Detroit, Michigan.

5. Defendant is a debt collection agency with its headquarters located at 800 Pencader Drive, Newark, Delaware 19702.

**FACTS SUPPORTING CAUSE OF ACTION**

6. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5563.

7. At all times relevant, Plaintiff's number ending in 5563 was assigned to a cellular telephone service as specified under 47 U.S.C. §227(b)(1)(A)(iii).

8. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

9. In July 2021, Plaintiff purchased an item from Macy's using a Klarna account

10. Ultimately, Plaintiff returned the item to Macy's and believed that her Klarna account would be credited.

11. In or around September 2021, Plaintiff started to receive collection calls from Defendant attempting to collect an alleged balance due to Klarna for approximately $92 ("alleged debt").

12. In or around September 20, 2021, Plaintiff advised Defendant that she did not owe the alleged debt.

13. Plaintiff also requested that Defendant cease its collection calls.

14. Notwithstanding Plaintiff's request that Defendant stop calling him, Defendant placed at least 100 harassing phone calls to Plaintiff after Plaintiff requested that the collection calls cease.

15. Specifically, on March 4, 2022, Defendant placed twenty-six (26) collection calls to Plaintiff; on October 29, 2021, Defendant placed nine (9) collection calls to Plaintiff; and on September 28, 2021, Defendant placed nine (9) collection calls to Plaintiff.

16. Defendant placed these collection calls from the phone number (313) 644-7001.

## DAMAGES

17. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

18. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

19. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular telephone while her phone was ringing.

20. Plaintiff was forced to retain counsel to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

22. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

23. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

24. The TCPA defines ATDS as "equipment which has the capacity —(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

25. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of consumer's numbers that are allegedly in default on their payments.

26. Accordingly, the system employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

27. Upon information and belief, based on the number of collection calls that Defendant placed to Plaintiff, Defendant utilizes an ATDS.

28. Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) by placing no less than 100 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

29. As pled above, Plaintiff revoked consent to be called on her cellular phone during a phone call that she answered in or around September 20, 2021.

30. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

31. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

32. Upon information and belief, Defendant has no adequate policies and procedures in place to honor consumers' requests that collection calls cease.

33. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and revenue.

34. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

35. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, MONICA G. OVERTON, requests that this Honorable Court :

a.  Enter an order finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

b.  Enjoin Defendant from further contact with Plaintiff;

c.  Award Plaintiff statutory damages of at least $500.00 for each and every violation;

d.  Award Plaintiff treble damages of up to $1,500.00 for each and every violation; and

e.  Any other relief as this Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

37. Plaintiff is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

38. The alleged debt is a "debt" as the term is defined by 15 U.S.C. §1692a(5) because it was incurred for personal or household purposes.

39. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

40. Defendant used the phone to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

41. Defendant violated 15 U.S.C. §§ 1692c(a)(1), d(5), g(a), and g(b) through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692c**

42. Section 1692c of the FDCPA regulates communication in connection with debt collection.

43. Specifically, §1692c(a)(1) states:

> without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt – at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer...In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian,. . .local time at the consumer's location.
> 15 U.S.C. §1692c(a)(1).

44. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff after she demanded that Defendant cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the alleged debt.

45. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions, including 26 calls on March 4, 2022; 9 calls on October 29, 2021; and 9 calls on September 28, 2021. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

46. Defendant was notified by Plaintiff that the calls were not welcomed. As such, Defendant knew that its collection calls were inconvenient to Plaintiff.

    **b.**    **Violations of FDCPA § 1692d**

47. Section 1692d of the FDCPA provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> 15 U.S.C. §1692d(5).

48. Defendant violated §1692d and d(5) by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff seeking payment on the alleged debt.

49. Defendant violated §1692d(5) by causing Plaintiff's phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged debt with the intent to annoy, abuse, or harass Plaintiff.

50. As pled above, Defendant placed or caused to be placed at least 100 numerous harassing phone calls to Plaintiff without Plaintiff's consent.

    **c.**  **Violations of FDCPA § 1692f**

51. Pursuant to 15 U.S.C. §1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

52. As pled above, Plaintiff requested that Defendant cease contacting her on September 20, 2021.

53. As pled above, Defendant placed calls to Plaintiff at an exorbitant rate, including at least two separate days where Plaintiff received 9 collection calls within a 24-hour period, and one day where Plaintiff received 26 calls within a 24-hour period.

54. Defendant violated 15 U.S.C. §1692f by using unconscionable means to attempt to collect the alleged debt from Plaintiff.

55. Specifically, Defendant violated 15 U.S.C. §1692f by continuing to place collection calls at an exorbitant rate, unfairly and unconscionably harassing Plaintiff in an attempt to dragoon her into paying the alleged debt.

56. Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, MONICA G. OVERTON, respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

**COUNT III – VIOLATIONS OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES**

57. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

58. Plaintiff is a "consumer" as defined by §445.251(1)(d) of the Michigan Regulation of Collection Practices (MRCP) because he is a person who allegedly owes a debt. Mich. Comp. Law §445.251(1)(d).

59. Defendant is a "collection agency" as defined by MRCP §445.251(1)(b) because it "is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another." Mich. Comp. Law §445.251(1)(b).

60. Pursuant to MRCP §445.252(n):

> A regulated person shall not commit 1 or more of the following acts:
>
> (n) Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debt.
>
> Mich. Comp. Law §445.252(n).

61. As pled above, even after being told to stop contacting Plaintiff, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the alleged debt.

62. Defendant was notified by Plaintiff that the calls were not welcomed. As such, Defendant knew its conduct was inconvenient and harassing to her.

63. Defendant violated MCRP §445.252(n) by placing collection calls at a time it knew to be inconvenient and harassing to Plaintiff.

64. Specifically, Defendant placed or caused to be placed numerous collections calls on March 4, 2022, October 29, 2021, and September 28, 2021, as pled above.

65. Defendant violated MRCP §445.252(n) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff after she demanded that Defendant cease contacting her was harassing and abusive.

66. Defendant further violated MRCP § 445.252(n) by causing Plaintiff's phone to ring repeatedly and continuously with as many as 26 collection calls in a 24-hour period attempting to collect of the alleged debt with the intent to annoy, abuse, or harass Plaintiff.

67. As pled above, Defendant placed or caused to be placed at least 100 numerous harassing phone calls to Plaintiff without Plaintiff's consent.

68. Plaintiff was severely harmed by Defendant's conduct.

69. Pursuant to MRCP §445.257:

> (1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief.
> (2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful [sic] violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.
> Mich. Comp. Law §445.257.

**WHEREFORE,** Plaintiff, MONICA G. OVERTON, respectfully requests that this Honorable Court grant her the following relief:

a. Declare that the practices complained of herein are unlawful and violate the MRCP;

b. Enjoin Defendant from placing further violating calls to Plaintiff;

c. Award Plaintiff the greater of Plaintiff's actual damages or $50.00;

d. Award Plaintiff the greater of three times Plaintiff's actual damages of $150.00;

e. Award Plaintiff her reasonable attorney's fees and costs pursuant to MRCP §445.257(2); and

f. Award any further relief that this Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: March 8, 2022                           Respectfully Submitted,

                                               **MONICA G. OVERTON**

                                               By: _/s/ Jennifer Ann McLaughlin_

                                               Jennifer Ann McLaughlin, Esq.
                                               Mohammed O. Badwan, Esq.
                                               Victor T. Metroff, Esq.
                                               Marwan R. Daher, Esq.
                                               _Counsel for Plaintiff_
                                               Sulaiman Law Group, Ltd
                                               2500 S Highland Ave, Suite 200
                                               Lombard, IL 60148

Telephone: (630) 575-8180
jmclaughlin@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
mdaher@sulaimanlaw.com

11